1  WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Adam Narciso Garcia,                    No.   CV 14-286-PHX-RCB (DKD)

10                    Plaintiff,

11     vs.                                           **O R D E R**

12  Joseph M. Arpaio, et al.,

13                    Defendants.

14

15         Plaintiff Adam Narciso Garcia, who is confined in the Maricopa County Durango

16  Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and

17  an Application to Proceed *In Forma Pauperis* (Doc. 2).   The Court will dismiss the

18  Complaint with leave to amend.

19  **I.       Application to Proceed *In Forma Pauperis* and Filing Fee**

20         Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

21  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

22  The Court will assess an initial partial filing fee of $26.00.  The remainder of the fee will

23  be collected monthly in payments of 20% of the previous month's income credited to

24  Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C.

25  § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

26  agency to collect and forward the fees according to the statutory formula.

27  . . . .

28  . . . .

JDDL-K

1    **II.      Statutory Screening of Prisoner Complaints**

2    The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8    A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24   But as the United States Court of Appeals for the Ninth Circuit has instructed,

25   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

26   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

27   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

28   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**JDDL-K**

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

4    Court should not, however, advise the litigant how to cure the defects.  This type of

5    advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

6    *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

7    decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's

8    Complaint will be dismissed for failure to state a claim, but because it may possibly be

9    amended to state a claim, the Court will dismiss it with leave to amend.

10   **III.    Complaint**

11   In his three-count Complaint, Plaintiff sues Maricopa County Sheriff Joseph

12   Arpaio and the Maricopa County Sheriff's Office for alleged unconstitutional conditions

13   of confinement at the Durango Jail.  He seeks damages.

14   Plaintiff alleges the following in Count I:  The "air conditioning is on and cold no

15   matter what [the] temperature is," and the temperature is never above 69 degrees.

16   Someone "will not turn on heat" and "will not give extra blankets" or clothes.  There is

17   "improper ventilation air exchange," "staff infections," and "multiple people with cold[s]

18   in pods."  Plaintiff is sick, "uncomfortable at all times," suffers loss of sleep and "P.T.S."

19   In Count II, Plaintiff alleges the following: "They say there are (2500) calories

20   served per day that is from 2005."  Plaintiff requested measurement but received no

21   response.  "Most of the food is lost during transportation from building to building" and it

22   is not edible.  There are two meals a day, no drink at dinner, and the "mysterious meat []

23   is very greasy."  Plaintiff suffers from "malnutrition, no energy, loss of muscle mass, sick

24   or getting sick," weakness, headaches, "loss of proper vitamins and minerals," and he is

25   "not sure on long term effect."

26   In Count III, Plaintiff alleges the following:  "all county jails across the U.S. have

27   done away with 3 & 4 men cells"; "no room between bunks to move"; "fire hazard"; "64

28   men to two toilets, with no disinfectants"; and "64 men to two showers with no

JDDL-K

1   disinfectants." Someone has to "eat on bunk" and there are "not enough tables [and]

2   chairs to eat." There are "over 40 men in holding tank when going to court" and "chains

3   on our feet when we[']re not guilty for an offense." Plaintiff has been injured by "no

4   sleep, unable to get out easily to leave room, [and] untold of amount of illnesses." He

5   says "total effect will be unknown."

6   **IV.    Failure to State a Claim**

7          To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

8   (2) under color of state law (3) deprived him of federal rights, privileges or immunities

9   and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th

10  Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d

11  1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific

12  injury as a result of the conduct of a particular defendant and he must allege an

13  affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*,

14  423 U.S. 362, 371-72, 377 (1976).

15         **A.    Arpaio**

16         Plaintiff sues Maricopa County Sheriff Arpaio. While Arpaio may be sued for

17  constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must

18  allege facts, not simply conclusions, that show that an individual was personally involved

19  in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

20  Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege

21  that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of*

22  *Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citation omitted). Further, there is no

23  respondeat superior liability under § 1983, so a defendant's position as the supervisor of

24  someone who allegedly violated a plaintiff's constitutional rights does not make him

25  liable. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Taylor v.*

26  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor in his

27  individual capacity "is only liable for constitutional violations of his subordinates if the

28

JDDL-K

- 4 -

1    supervisor participated in or directed the violations, or knew of the violations and failed

2    to act to prevent them." *Taylor*, 880 F.2d at 1045.

3        Plaintiff fails to allege *any* facts regarding Arpaio in his Complaint.  Plaintiff does

4    not allege that Arpaio directly violated his constitutional rights.  Moreover, Plaintiff does

5    not allege facts to support that Plaintiff's constitutional rights were violated as a result of

6    a policy or custom promulgated or endorsed by Arpaio.  Accordingly, Plaintiff fails to

7    state a claim against Defendant Arpaio and he will be dismissed.

8        **B.    Maricopa County Sheriff's Office**

9        The Maricopa County Sheriff's Office is not a proper defendant.  In Arizona, the

10   responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.

11   *See* Ariz. Rev. Stat. Ann. § 11-441(A)(5); Ariz. Rev. Stat. Ann. § 31-101.  A sheriff's

12   office is simply an administrative creation of the county sheriff to allow him to carry out

13   his statutory duties and is not a "person" amenable to suit pursuant to § 1983.

14   Accordingly, the Maricopa County Sheriff's Office will be dismissed as a Defendant.

15       **C.    Conditions of Confinement**

16       Because Plaintiff has failed to state a claim against a properly named Defendant,

17   his Complaint will be dismissed with leave to amend.  If Plaintiff files an amended

18   Complaint, he should be aware that a pretrial detainee's claim for unconstitutional

19   conditions of confinement arises from the Fourteenth Amendment Due Process Clause

20   rather than from the Eighth Amendment prohibition against cruel and unusual

21   punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Nevertheless, the same

22   standards are applied, requiring proof that the defendant acted with deliberate

23   indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citation omitted).

24       Deliberate indifference is a higher standard than negligence or lack of ordinary

25   due care for the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To

26   state a claim of deliberate indifference, plaintiffs must meet a two-part test.  First, the

27   alleged constitutional deprivation must be, objectively, "sufficiently serious"; the

28   official's act or omission must result in the denial of "the minimal civilized measure of

JDDL-K

1   life's necessities." *Id.* at 834 (citations omitted).  Second, the prison official must have a

2   "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to

3   inmate health or safety.  *Id.* (citations omitted).  In defining "deliberate indifference" in

4   this context, the Supreme Court has imposed a subjective test: "the official must both be

5   aware of facts from which the inference could be drawn that a substantial risk of serious

6   harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

7         To state a claim for unconstitutional conditions of confinement, a plaintiff must

8   allege that a defendant's acts or omissions have deprived the inmate of "the minimal

9   civilized measure of life's necessities" and that the defendant acted with deliberate

10   indifference to an excessive risk to inmate health or safety.  *Allen v. Sakai*, 48 F.3d 1082,

11   1087 (9th Cir. 1994) (quoting *Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez–*

12   *Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  Whether conditions of confinement rise

13   to the level of a constitutional violation may depend, in part, on the duration of an

14   inmate's exposure to those conditions.  *Keenan v. Hall*, 83 F.3d 1083, 1089, 1091 (9th

15   Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).  "The circumstances,

16   nature, and duration of a deprivation of [ ] necessities must be considered in determining

17   whether a constitutional violation has occurred."  *Hearns v. Terhune*, 413 F.3d 1036,

18   1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

19         Allegations of overcrowding, without more, do not state a claim under the Eighth

20   and Fourteenth Amendments.  *See Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir.

21   1982).  A plaintiff may, however, state a cognizable claim where he or she alleges that

22   overcrowding results in some unconstitutional condition.  *See, e.g.*, *Akao v. Shimoda*, 832

23   F.2d 119, 120 (9th Cir. 1987) (reversing district court's dismissal of claim that

24   overcrowding caused increased stress, tension and communicable disease among inmate

25   population); *see also Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming

26   that an Eighth Amendment violation may occur as a result of overcrowded prison

27   conditions causing increased violence, tension and psychiatric problems).

28

**JDDL-K**

1    With respect to meals, "[t]he Eighth [and Fourteenth] Amendment[s] require[]

2    only that prisoners receive food that is adequate to maintain health; it need not be tasty or

3    aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation

4    omitted); *see Frost*, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial

5    detainee's Fourteenth Amendment claims regarding his conditions of confinement).

6    "The fact that the food occasionally contains foreign objects or sometimes is served cold,

7    while unpleasant, does not amount to a constitutional deprivation." *LeMaire*, 12 F.3d at

8    1456 (citations omitted).  An inmate may, however, state a claim where he alleges that he

9    is served meals with insufficient calories for long periods of time. *Id.*

10    Plaintiff fails to allege any specific facts such as when he was held in the alleged

11    unconstitutional conditions of confinement or the duration of his confinement in such

12    conditions.  In addition, Plaintiff fails to allege that any individual was aware of the

13    alleged unconditional conditions but failed to act.  That is, Plaintiff fails to allege facts to

14    support that Arpaio or anyone else acted with deliberate indifference to the alleged

15    conditions.  Moreover, in Count I, Plaintiff fails to allege when, or for how long, he was

16    cold, if he requested heat, extra blankets or clothes, and, if so, to whom he directed those

17    requests.  In Count II, Plaintiff fails to allege what food he was served, or when or how

18    often he was served food that was "damaged" or inedible.  In Count III, Plaintiff fails to

19    allege how many men were in his cell, and for how long, the size of his cell, or other facts

20    to support a claim of overcrowding.  For these reasons, Plaintiff fails to state a claim of

21    unconstitutional conditions of confinement.

22    **V.    Leave to Amend**

23    For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

24    state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

25    first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will

26    mail Plaintiff a court-approved form to use for filing a first amended complaint.   If

27    Plaintiff fails to use the court-approved form, the Court may strike the amended

28    complaint and dismiss this action without further notice to Plaintiff.

**JDDL-K**

- 7 -

1      If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

2   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

3   of the Defendant who violated the right; (3) exactly what that Defendant did or failed to

4   do; (4) how the action or inaction of that Defendant is connected to the violation of

5   Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

6   that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

7      Plaintiff must repeat this process for each person he names as a Defendant.  If

8   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

9   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

10  failure to state a claim.  **Conclusory allegations that a Defendant or group of**

11  **Defendants has violated a constitutional right are not acceptable and will be**

12  **dismissed**.

13      Plaintiff must clearly designate on the face of the document that it is the "First

14  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

15  entirety on the court-approved form and may not incorporate any part of the original

16  Complaint by reference.  **Plaintiff may include only one claim per count.**

17      A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

18  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

19  F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

20  complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

21  in the original complaint and that was voluntarily dismissed or was dismissed without

22  prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa*

23  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

24  **VI.   Warnings**

25      **A.   Release**

26      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

27  release.  Also, within 30 days of his release, he must either (1) notify the Court that he

28

1    intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

2    comply may result in dismissal of this action.

3    **B.    Address Changes**

4    Plaintiff must file and serve a notice of a change of address in accordance with

5    Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

6    for other relief with a notice of change of address.  Failure to comply may result in

7    dismissal of this action.

8    **C.    Copies**

9    Plaintiff must submit an additional copy of every filing for use by the Court.  *See*

10   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further

11   notice to Plaintiff.

12   **D.    Possible "Strike"**

13   Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

14   fails to file an amended complaint correcting the deficiencies identified in this Order, the

15   dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

16   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

17   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

18   prior occasions, while incarcerated or detained in any facility, brought an action or appeal

19   in a court of the United States that was dismissed on the grounds that it is frivolous,

20   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

21   is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

22   **E.    Possible Dismissal**

23   If Plaintiff fails to timely comply with every provision of this Order, including

24   these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

25   F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any

26   order of the Court).

27   **IT IS ORDERED:**

28   (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

**JDDL-K**

1      (2)     As required by the accompanying Order to the appropriate government

2      agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing

3      fee of $26.00.

4      (3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff

5      has **30 days** from the date this Order is filed to file a first amended complaint in

6      compliance with this Order.

7      (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

8      Court must, without further notice, enter a judgment of dismissal of this action with

9      prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

10     (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a

11     civil rights complaint by a prisoner.

12     DATED this 17th day of April, 2014.

13

14

15     _____

16     Stephen M. McNamee
       Senior United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

JDDL-K

- 10 -